UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY M. WARD,

    Petitioner,

v.                                    Case No:  2:16-cv-394-FtM-29MRM
                                      Case No. 2:13-CR-20-FTM-29MRM
UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court on petitioner's (amended) Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #9; Cr. Doc. #147)[1] filed on June 24, 2016, by the Federal Public Defender's Office on behalf of defendant pursuant to Omnibus Order in Re: Amendment 782, United States Sentencing Guidelines, 6:14-mc-78-ACC and the Court's Endorsed Order (Cr. Doc. #145) appointing counsel on June 13, 2016.  On August 29, 2016, counsel and the government filed a Joint Stipulation Regarding § 2255 Motion (Cv. Doc. #17) requesting that the § 2255 Motion be granted, the

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

criminal judgment be vacated, and that petitioner be resentenced without the Armed Career Criminal Act (ACCA) enhancement.

On April 18, 2016, in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the United States Supreme Court determined that the residual clause of the ACCA was unconstitutionally vague, and that <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), announced a substantive rule that applied retroactively on collateral review. In light of this decision, and because the parties agree it applies to remove the Armed Career Criminal Act enhancement in petitioner's case, the Court will grant relief and vacate the underlying criminal judgment.

The Court will also appoint the Federal Public Defender's Office for resentencing.  The parties indicate that the parties are continuing to work on the issue of whether a resentencing hearing is needed.[1]  At this time, the resentencing hearing will be set.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

---

[1] On December 15, 2014, the Court sentenced petitioner to a term of imprisonment of 180 months, to be served consecutively to the term of imprisonment in case No. 12-CF-17334, and to be followed by a term of supervised release. (Cr. Doc. #101.)  The sentence was below the advisory guideline range of 235 months to 293 months based on a number of factors under 18 U.S.C. § 3553(a), but without the ACCA enhancement, the statutory maximum would be 10 years of imprisonment.  (Cv. Doc. #17, ¶ 9.)

1. Petitioner's (amended) Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #9; Cr. Doc. #147) is **GRANTED**.

2. The Judgment in a Criminal Case (Cr. Doc. #102) is **vacated**.

3. The Clerk shall appoint the Federal Public Defender's Office to represent defendant for purposes of re-sentencing.  If the Federal Public Defender's Office has a conflict of interest, immediate notice shall be filed and the next available CJA counsel shall be appointed.

4. The United States Marshal's Office shall facilitate and effectuate the transportation of defendant for re-sentencing.  Defendant shall be available in Fort Myers **on or before October 22, 2016**.

5. The United States Probation Office shall issue a memorandum based on the retroactive application of Johnson, and distribute copies of the memorandum to appointed counsel, the Office of the United States Attorney, and defendant **on or before October 12, 2016**.

6. The parties shall appear for re-sentencing before the undersigned on**, Tuesday, November 1, 2016, at 3:30 p.m.**, Courtroom A, Sixth Floor, Fort Myers, Florida.  A separate notice will issue.

7. The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed

to place a copy of the civil Judgment in the criminal file and to make a notation on the docket that the criminal judgment has been vacated.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
FPD
AUSA
U.S. Marshal
U.S. Probation